UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HSBC BANK USA, NATIONAL
ASSOCIATION, as Trustee under the
pooling and servicing agreement dated
as of November 1, 2005, Freemont
Home Loan Trust 2005-D,

    Plaintiff,

v().

    Case No: 2:17-cv-720-FtM-29CM

OWEN BEDASEE and SANDIE
BEDASEE,

    Defendants.

## ORDER

This matter comes before the Court upon review of Defendants' Motion for Pre-Trial Discovery, Plaintiff's Motion to Strike or in the Alternative, Response in Opposition to Defendants' Motion for Pre-Trial Discovery, and Defendants' Motion in Objection to Plaintiff's Motion to Strike. Docs. 26, 31, 36. For the reasons stated herein, Defendants' Motion for Pre-trial Discovery will be denied, Plaintiff's Motion to Strike will be granted, and Defendants' Motion in Objection to Plaintiff's Motion to Strike will be denied as moot.[1]

---

[1] The Court notes responses in opposition to motions generally are not motions in and of themselves. As Defendants' Motion in Objection does not request any relief, it will be denied as moot.

I.    Background

On December 28, 2017, this case was removed from the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida.[2]  Docs. 1, 2.  Plaintiff HSBC Bank USA, National Association ("HSBC") alleges Defendants Owen Bedasee and Sandie Bedasee mortgaged a piece of property in Collier County, Florida with a loan from Fremont Investment & Loan ("Fremont"), which Fremont successfully foreclosed in a proceeding in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida (the "Foreclosure Action") on June 12, 2008.  Doc. 2 ¶¶ 6-8; Doc. 2-3.  Fremont purchased the interest in the property in the resulting foreclosure sale and subsequently assigned its foreclosure sale interest in the property to HSBC.  Doc. 2 ¶¶ 9-10.  On February 24, 2017, "nearly nine years from the date that Certificate of Title was issued to HSBC," the judge in the Foreclosure Action issued a writ of possession in favor of HSBC.  *Id.* ¶ 14.

On April 30, 2009, Defendants recorded a Release of Mortgage in the public records of Collier County, Florida, purportedly releasing the mortgage that was foreclosed in the Foreclosure Action.  *Id.* ¶¶ 23-24.  On December 3, 2009,

---

[2] The Court notes it is unclear whether subject matter jurisdiction exists in this case. The *pro se* Defendants assert in their Notice of Removal that this Court has diversity jurisdiction and that the parties are citizens of different states.  Doc. 1 at 2-3.  The Notice of Removal's only reference to the amount in controversy in this case is unclear: "When opposing parties in a lawsuit are citizens of different states . . . this places the case under federal court jurisdiction, pursuant to Article 3, section 2 of the U.S. Constitution, and the federal Judicial Code, if the amount in controversy exceeds $75,000, which is the issue in this instant matter."  *Id.* at 3.  The Complaint indicates the amount in controversy exceeds $15,000.00 exclusive of attorneys' fees and costs, but nothing in the Complaint or removal demonstrates the amount in controversy exceeds $75,000.00.  *See* Doc. 2 ¶ 4; *see generally* Doc. 1.

Defendants recorded a Federal Claim of Common Law Lien in the public records of Collier County, Florida, purportedly related to an attempt Defendants made to cancel the mortgage based on the Truth and Lending Act. *Id.* ¶¶ 31-32. On May 12, 2017, Mr. Bedasee recorded a Notice of Lien in the public records of Collier County, Florida, purportedly related to home improvements, maintenance and upkeep costs for the property. *Id.* ¶ 15-16. HSBC alleges each of Defendants' recordings are fraudulent and have prevented HSBC from conveying the property to third parties. *Id.* ¶¶ 17, 26, 33. Thus, HSBC seeks a final judgment finding the liens fraudulent, null and void and ordering the recordings be sealed from the public records of Collier County, Florida. *Id.* at 14. HSBC also seeks damages, punitive damages and attorneys' fees and costs related to the fraudulent recordings and Defendants' alleged slander of HSBC's title. Doc. 2 at 8, 10, 12.

On April 4, 2018, the Court entered a Case Management and Scheduling Order ("CMSO") setting the discovery deadline for September 5, 2018, the mediation deadline for September 14, 2018,[3] the dispositive motion deadline for October 1, 2018, and the trial term for February 4, 2019. Doc. 23 at 1-2. On September 5, 2018—the day of the discovery deadline—Defendants filed the present Motion for Pre-Trial Discovery. Doc. 26. On September 25, 2018, the Court directed HSBC to respond to Defendants' motion, and HSBC filed a Motion to Strike or, in the alternative, a response in opposition to Defendants' motion. Docs. 30, 31. On

---

[3] The Court has since extended the mediation deadline to October 25, 2018, and the mediation conference has been scheduled for October 25, 2018 before Steven V. Blount. *See* Docs. 28, 29, 38.

- 3 -

October 3, 2018, Defendants filed a response in opposition to HSBC's Motion to Strike, stylized as a "Motion in Objection to Plaintiff's Motion to Strike or in the Alternative, Response in Opposition to Defendants' Motion for Pre-Trial Discovery." Doc. 36. The motions are ripe for review.

## II. Discussion

As an initial matter, Defendants' Motion for Pre-Trial discovery appears to be Defendants' requests for production. The CMSO in this case clearly states: "The parties shall not file discovery materials with the Clerk except as provided in M.D. Fla. R. 3.03." Doc. 23 at 2. Under the Local Rules:

> Requests for the production of documents and other things, matters disclosed pursuant to Fed. R. Civ. P. 26, and requests for admission, and answers and responses thereto, shall not be filed with the Court as a matter of course but may later be filed in whole or in part if necessary to presentation and consideration of a motion to compel, a motion for summary judgment, a motion for injunctive relief, or other similar proceedings.

M.D. Fla. R. 3.03(d). This is reason enough for the Court to strike the filing.

Moreover, the apparent requests for production are untimely. The CMSO requires each party to "timely serve discovery requests so that the rules allow for a response prior to the discovery deadline." Doc. 23 at 2. Federal Rule of Civil Procedure 34(b)(2) indicates parties must respond to discovery requests within thirty (30) days. The requests in Defendants' Motion for Pre-Trial Discovery are thus untimely because they could not allow for a response prior to the discovery deadline. *See* Doc. 23 at 2; Fed. R. Civ. P. 34(b)(2).

Even if Defendants' discovery requests were timely, they do not appear relevant. Rule 34 sets forth the procedures for obtaining access to documents and things within the control of the opposing party. Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b) permits discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A request for production must state "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The party to whom the request is directed must respond within thirty days after being served. Fed. R. Civ. P. 34(b)(2)(A).

Here, Defendants seek a variety of documents related to Fremont's bankruptcy proceeding before the United States Bankruptcy Court for the Central District of California, apparently to ascertain Fremont's authority to pursue the Foreclosure Action. *See generally* Doc. 26. As HSBC points out, "[s]ince the entry of final judgment of foreclosure, Defendants have filed countless challenges to the final judgment of foreclosure, collateral lawsuits, bankruptcies and appeals." Doc. 31 at 3. This case, which addresses Defendants' allegedly fraudulent public recordings pertaining to the foreclosure, does not provide a vehicle for Defendants to launch

collateral attacks on the Foreclosure Action. Thus, the Court does not find the requested discovery relevant to this proceeding.

The Court again reminds Defendants that "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Sanders v. Fluor Daniel, Inc.*, 151 F.R.D. 138, 139 (M.D. Fla. 1993), *aff'd sub nom. Sanders v. Fluor Daniels, Inc.*, 36 F.3d 93 (11th Cir. 1994) (quoting *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)); *see also* Doc. 15 at 2; Doc. 21 at 2. The Court warns Defendants that future failures to comply with the Court's Orders or the Federal or Local Rules[4] could result in sanctions. A copy of the Local Rules may be obtained from the Court's website at http://www.flmd.uscourts.gov/. Moreover, the website includes a "Litigants without Lawyers" page containing tips, frequently asked questions, sample forms and a "Guide for Proceeding without a Lawyer."

ACCORDINGLY, it is

**ORDERED:**

1. Defendants' Motion for Pre-Trial Discovery (Doc. 26) is **DENIED**.

2. Plaintiff's Motion to Strike (Doc. 41) is **GRANTED**. The Clerk is directed to **STRIKE** Defendants' Motion for Pre-Trial Discovery (Doc. 26).

---

[4] The Court notes Defendants' Motion for Pre-Trial Discovery also fails to comply with Local Rule 3.01(g), which requires that each motion filed in a civil case, with certain enumerated exceptions not at issue here, contain a statement "stating whether counsel agree on the resolution of the motion." M.D. Fla. R. 3.01(g).

3. Defendants' Motion in Objection to Plaintiff's Motion to Strike (Doc. 36) is **DENIED as moot.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 23rd day of October, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* Parties